EDWARD C. RADZIK (ER-2473)
McDERMOTT & RADZIK, LLP
*Attorneys for Plaintiff*
Wall Street Plaza
88 Pine Street – 21st Floor
New York, NY 10005-1801

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X

AMERICAN HOME ASSURANCE COMPANY, as subrogee of CROWN EQUIPMENT CORPORATION,

        Plaintiff,

   - against -

PANALPINA, INC. and A.P. MOLLER-MAERSK A/S d/b/a Maersk-Sealand and/or Maersk Lines

        Defendants.

------------------------------------------------------X

JUDGE JONES

ECF CASE

07 CV 10947

COMPLAINT



    Plaintiff, American Home Assurance Company a/s/o Crown Equipment Corporation, by its attorneys, McDermott & Radzik, LLP, as and for its Complaint against defendants, states as follows:

    FIRST:    This action arises from an intermodal carriage of goods in interstate and international commerce and is governed by federal common law and federal statutes including the Carmack Amendment to the ICC Termination Act of 1995 (49 U.S.C.

§ 14706) and this court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1337.

SECOND:   This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.

THIRD:   This Court also has subject matter jurisdiction over this action by virtue of the fact that this is an admiralty or maritime action within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and pursuant to 28 U.S.C. § 1333.

## THE PARTIES

FOURTH:   At and during all the times hereinafter mentioned, Plaintiff, American Home Assurance Company ("American Home") was and now is a corporation organized under and by virtue of the laws of one of the States of the United States and has an office and place of business at 175 Water Street, New York, New York 10038. American Home was the insurer of the cargo in question and is subrogated to the rights of the cargo owner, Crown Equipment Corporation, an Ohio Corporation.

FFIFTH:   At and during all times hereinafter mentioned, defendant, Panalpina, Inc., was and is a corporation organized and existing under and by virtue of the laws of one of the States of the United States and regularly conducts and systematically transacts business in New York and has an office and place of business, *inter alia*, at 1776 On the Green, 67 Pk. Pl., Morristown, NJ.

SIXTH: At and during all times hereinafter mentioned, defendant, A.P. Moller-Maersk A/S (A.P. Moller) was and now is a corporation organized and existing under and by virtue of the laws of the Kingdom of Denmark. AP Moller regularly conducts and systematically transacts business in New York and has an office and place of business in care of its agent, Maersk, Inc., Madison Avenue, Giralda Farms, Madison, NJ 07940. Furthermore, the contract of carriage between plaintiff and defendant, Maersk, contains a forum selection clause which specifies that any suits be instituted in the Untied States District Court for the Southern District of New York.

**AS AND FOR A FIRST CAUSE OF ACTION (Breach of Contract)**

SEVENTH: On or about December 20, 2006, at New Bremen, Ohio, there were shipped by Crown Equipment Corporation and delivered to Defendants as common carries, shipments of fork lifts, platform lifts, pallet trucks, and spare parts packed into three shipping containers provided by Defendants numbered PONU166349-3; INBU356493-1 and OCLU150800-5, said shipments then being in good order and condition, and Defendants then and there accepted said shipments and agreed to transport and carry said shipments to Melbourne and there deliver said shipments in like good order and condition as when shipped, delivered to, and received by them, to Crown Equipment Pty. Ltd. in Melbourne, Australia.

EIGHTH: Thereafter, Defendants failed to make delivery of the shipments in the same good order and condition as received. To the contrary, while the shipments

were in the custody and control of Defendants, their agents and/or sub-contractors, they became severely damaged and impaired in value by reason of a derailment of rail cars conveying said shipments near Newbury Springs, California, due to improper and careless handling during inland transit from Chicago to Los Angeles.

NINTH:   Plaintiff has performed all conditions on its part to be performed.

TENTH:   Plaintiff brings this action on its own behalf as the subrogated insurer of the shipments and as agent and trustee on behalf of, and for the interest of, all parties who may become interested in said shipments as their respective interests may appear, and Plaintiff is entitled to maintain this action.

ELEVENTH:   By reason of Defendants' breach of their duties as common carriers, Plaintiff has sustained monetary damages, as nearly as now can be estimated, no part of which has been paid, although duly demanded, in the aggregate amount of $358,612.02.

### AS AN FOR A SECOND CAUSE OF ACTION (Bailment)

TWELFTH:  Plaintiff repeats and realleges each and every allegation contained in Paragraphs "FIRST through ELEVENTH" of this Complaint with the same force and effect as if fully set forth herein.

THIRTEENTH:   On or about December 20, 2006 at New Bremen, Ohio, Defendants received Crown Equipment's fork lifts, platform lifts, pallet trucks and spare parts then being in good order and condition, as bailees.

4

FOURTEENTH: Thereafter, Defendants failed to preserve Crown Equipment's shipments and instead allowed said shipments to become damaged in breach of Defendants' contractual, common law, and/or implied in-fact duties and obligations as bailees.

FIFTEENTH: By reason of these premises, plaintiff has sustained damages, as nearly as the same now be estimated, no part of which has been paid although duly demanded, in the amount of $358,612.02.

## AS AND FOR A THIRD CAUSE OF ACTION (Negligence)

SIXTEENTH: Plaintiff repeats and realleges each and every allegation contained in Paragraphs "FIRST" through "FIFTEENTH" of this Complaint to the same force and effect as if more fully set forth herein.

SEVENTEENTH: The damage to Crown Equipment's two shipments of fork lifts, platform lifts, pallet trucks and spare parts, was directly attributable to the negligence, lack of care, and recklessness on the part of the Defendants, their agents and/or sub-contractors.

EIGHTEENTH: By reason of defendants' negligence, lack of care, and recklessness, Plaintiff has suffered damages, as nearly as the same can now be estimated, no part of which has been paid, although duly demanded, in the amount of $358,612.02.

WHEREFORE, Plaintiff prays:

1.  That process in due form of law may issue against Defendants citing them to appear and answer all and singular the matters aforesaid;

2.  That if Defendants cannot be found within this District, then all their assets and property within this District be attached in the sum of $358,612.02, with interest thereon and costs, the sum sued for in this Complaint;

3.  That Judgment may be entered in favor of Plaintiff against Defendants for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action; and

4.  That this Court will grant to Plaintiff such other and further relief as may be just and proper.

Dated:   New York, New York
         November 30, 2007

McDERMOTT & RADZIK, LLP
Attorney for Plaintiff,

BY: *Edward C. Radzik*
EDWARD C. RADZIK (ER-2473)
Wall Street Plaza
88 Pine Street
New York, New York 10005-1801
(212) 376-6400
(FILE: 7-07-7061 ECR)