607-07/EEL
FREEHILL, HOGAN & MAHAR
Attorneys for Defendant
A.P. MOLLER-MAERSK A/S
80 Pine Street, 24th Floor
New York, New York 10005-1759
(212) 425-1900
Eric E. Lenck (EL4547)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
AMERICAN HOME ASSURANCE
COMPANY, as subrogee of CROWN          07 CV 10947 (BSJ)
EQUIPMENT CORPORATION,                 ECF CASE

        Plaintiff,

    -against-                             ANSWER

PANALPINA, INC. and A.P. MOLLER-
MAERSK A/S d/b/a Maersk Sealand and/or
Maersk Lines,

        Defendants.
-----------------------------------------------------x

    Defendant, A.P. MOLLER-MAERSK A/S d/b/a Maersk Sealand and/or Maersk Lines (hereinafter "MAERSK"), by its attorneys, Freehill, Hogan & Mahar LLP, responding to the Complaint of the Plaintiff herein, alleges upon information and belief as follows:

    1. Admits that this action arises from an intermodal international carriage of goods from Ohio, United States to Melbourne, Australia, but except as so specifically admitted, denies knowledge or information sufficient to form a belief with respect to the remaining allegations contained in paragraph FIRST of the Complaint.

NYDOCS1/298387.1

2. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph SECOND of the Complaint.

3. Admits the allegations contained in paragraph THIRD of the Complaint.

4. Denies knowledge information sufficient to form a belief with respect to the allegations contained in paragraph FOURTH of the Complaint.

5. Denies knowledge information sufficient to form a belief with respect to the allegations contained in paragraph FIFTH of the Complaint.

6. Admits the allegations contained in paragraph SIXTH of the Complaint.

7. Admits that on or about December 20, 2006, at New Bremen, Ohio, Defendant MAERSK and/or its servants received three sealed shipping containers numbered PONU 166349-3, INBU 356493-1 and OCLU 150800-5 said to contain fork lifts, platform lifts, pallet trucks and spare parts and accepted said containers for transport to Melbourne pursuant to the terms of the governing contract of carriage, but except as so specifically admitted, denies knowledge or information sufficient to form a belief with respect to the remaining allegations contained in paragraph SEVENTH of the Complaint.

8. Admits that the shipments became damaged by reason of a derailment of rail cars convening said containers near Newbury Springs, California, but except as so specifically admitted, denies knowledge or information sufficient to form a belief with respect to the remaining allegations contained in paragraph EIGHTH of the Complaint.

9. Denies the allegations contained in paragraph NINTH of the Complaint.

10. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph TENTH of the Complaint.

11. Admits that Plaintiff has demanded damages in the aggregate amount of $358,612.02, but except as so specifically admitted, denies the remaining allegations contained in paragraph ELEVENTH of the Complaint.

12. Defendant MAERSK repeats and realleges each and every admission, denial or denial of knowledge or information sufficient to form a belief contained in paragraphs 1 through 11 of this Answer with the same force and effect as if fully set forth herein.

13. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph THIRTEENTH of the Complaint.

14. Denies the allegations contained in paragraph FOURTEENTH of the Complaint as they relate to Defendant MAERSK.

15. Admits that damages in the amount of $358,612.02 have been demanded, but except as so specifically admitted, denies the remaining allegations of paragraph FIFTEENTH of the Complaint.

16. Defendant MAERSK repeats and realleges each and every admission, denial or denial of knowledge or information sufficient to form a belief contained in paragraphs 1 through 15 of this Answer with the same force and effect as if fully set forth herein.

17. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph SEVENTEENTH of the Complaint.

18. Admits that damages in the amount of $358,612.02 have been demanded, but except as so specifically admitted, denies the remaining allegations contained in paragraph EIGHTEENTH of the Complaint.

## AS AND FOR MAERSK'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

19. The Complaint fails to state a claim against MAERSK upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

20. The shipment in question was received, carried, discharged and/or delivered at the port of destination subject to the terms, conditions, exceptions and limitations of the provisions of the United States Carriage of Goods by Sea Act, Title 46 U.S.C. Section 1300 *et seq.*, the Harter Act, Title 46 U.S.C. Section 190 *et seq.*, and/or other legislation pertinent to this carriage. Any loss or damage alleged to have been suffered by said shipment or to the shipper or consignee was due to a cause or causes for which neither the carrier nor the vessel is liable by virtue of the provisions of aforesaid Carriage of Goods by Sea Act and/or Harter Act, and/or other pertinent legislation.

### THIRD AFFIRMATIVE DEFENSE

21. The shipment described in the Complaint was received, loaded, carried, discharged and delivered subject to the terms, conditions, exceptions and limitations of certain dock receipts, bills of lading, service contracts, tariffs and/or contracts of

affreightment, issued for carriage of the shipment, and by which the shipper, consignee and holders of said bills of lading agreed to be and are bound. Any damage to the goods, which is denied, was due to a cause or causes for which MAERSK is not liable by virtue of said dock receipts, bills of lading, service contracts, tariffs and/or contracts of affreightment.

## FOURTH AFFIRMATIVE DEFENSE

22. Any loss or damage to the goods, as alleged in the Complaint, and which is denied, arose or resulted from the condition of the goods when delivered to MAERSK, and/or from inherent defect, quality or vice of the goods, or insufficiency of packaging or marks and/or from defective stowage and securing within the containers or by act or omission of the shippers, or owners of the goods, their agents or representatives, or other third parties and not MAERSK.

## FIFTH AFFIRMATIVE DEFENSE

23. If any shortage and/or damage was sustained by the shipment referred to in the Complaint, which is denied, such shortage and/or damage was not caused by or contributed to by MAERSK, and such shortage and/or damage was not sustained by the shipment while in the care, custody or control of MAERSK.

## SIXTH AFFIRMATIVE DEFENSE

24. If any shortage and/or damage was sustained by the shipment referred to in the Complaint, which is denied, such shortage and/or damage was caused by or contributed to by the Plaintiff or others acting on its behalf, including a failure to mitigate the damages properly.

## SEVENTH AFFIRMATIVE DEFENSE

25. The Plaintiff is not the real party in interest to this suit.

## EIGHTH AFFIRMATIVE DEFENSE

26.    Force majeure.

## NINTH AFFIRMATIVE DEFENSE

27.    Any liability of MAERSK, which is denied, is limited in amount by the terms and provisions of the aforementioned dock receipts, bills of lading, service contracts, tariffs, contracts of carriage, and Carriage of Goods by Sea Act and/or the Harter Act, or other governing legislation.

## TENTH AFFIRMATIVE DEFENSE

38. Failure to join an indispensable party.

WHEREFORE, Defendant MAERSK prays:

1. That a decree be entered dismissing Plaintiff's Complaint and that MAERSK be awarded all costs, expenses and attorney fees incurred in connection with the defense of the Complaint;

2. That if any liability be found against MAERSK, such liability be limited to $500 per package or other limitations set forth in the governing contract(s) of carriage or as provided by law; and

3. That this Court grant MAERSK such other and different relief as it may

deem just and proper in the premises.

Dated: New York, New York
February 6, 2008

                    FREEHILL, HOGAN & MAHAR LLP
                    Attorneys for Defendant
                    MAERSK LINE

                    By: _____
                    ERIC E. LENCK (EL4547)
                    80 Pine Street
                    New York, New York 10005-1759
                    (212) 425-1900

TO:   McDERMOTT & RADZIK, LLP
      Attorneys for Plaintiff
      AMERICAN HOME ASSURANCE COMPANY
      88 Pine Street, 21st Floor
      New York, NY 10005-1801
      (212) 376-6400
      Attention: Edward C. Radzik, Esq.
      Your Ref: 7-07-7061 ECR

      DOUGHERTY, RYAN, GIUFFRA, ZAMBITO & HESSION
      Attorneys for Defendant
      PANALPINA INC.
      131 East 38th Street
      New York, NY 10016-2680
      Attention: Peter J. Zambito