607-07/EEL
FREEHILL, HOGAN & MAHAR
Attorneys for Defendant
A.P. MOLLER-MAERSK A/S
80 Pine Street, 24th Floor
New York, New York 10005-1759
(212) 425-1900
Eric E. Lenck (EL4547)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------x

AMERICAN HOME ASSURANCE
COMPANY, as subrogee of CROWN
EQUIPMENT CORPORATION,

          Plaintiff,

    -against-

PANALPINA, INC. and A.P. MOLLER-
MAERSK A/S d/b/a Maersk Sealand and/or
Maersk Lines,

         Defendants.
-------------------------------------------------x
A.P. MOLLER –MAERSK A/S,

         Third-Party Plaintiff,

    -against-

BNSF RAILWAY COMPANY,

         Third-Party Defendant.
-------------------------------------------------x

RECEIVED
FEB 06 2008
U.S.D.C. S.D. N.Y.

07-CV-10947 (BSJ)
ECF CASE

**THIRD PARTY COMPLAINT**

Third-Party Plaintiff, A.P. MOLLER-MAERSK A/S ("MAERSK") by its attorneys, Freehill, Hogan & Mahar LLP, as and for a Third-Party Complaint against Third-Party Defendant BNSF RAILWAY COMPANY ("BNSF"), alleges upon

information and belief as follows:

1. Defendant and Third-Party Plaintiff MAERSK is a limited liability business entity of the Kingdom of Denmark with offices at 50, Esplanaden, Copenhagen K DENMARK DK-1098, the successor entity to Aktieselskabet Dampskibsselskabet Svendborg and Dampskibsselskabet AF 1912, Aktieselskab, and at all material times was the bill of lading issuer in an intermodal carriage of goods from New Bremen, Ohio to Melbourne, Australia.

2. Third-Party Defendant BNSF is a business entity incorporated in one of the states of the United States with its principal place of business at 2650 Lou Menk Drive, Fort Worth, Texas 76137, with an office at 1 Santa Fe Plaza, P.O. Box 1738, Topeka, Kansas 66601-1738. On or about November 30, 2007, Plaintiff American Home Assurance Company ("HOME ASSURANCE") commenced an action by the filing of a Complaint dated November 30, 2007 in the United States District Court, Southern District of New York, a true and correct copy of which is attached hereto as Exhibit A.

3. On or about February 6, 2008, Defendant MAERSK filed and served an Answer to the Complaint, a true and correct copy of which is attached hereto as Exhibit B.

4. This Court has subject matter jurisdiction over this action in that the action arises from intermodal carriage of goods in interstate and international maritime commerce and is governed by federal common law and federal statues, including the United States Carriage of Goods by Sea Act 1936, and/or the Carmack Amendment

to the ICC Termination Act of 1995 (49 U.S.C. §14706) and/or other federal legislation.

5. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 in that diversity of citizenship exists between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.

6. On or about December 20, 2006, Plaintiff and Third-Party Plaintiff delivered 3 containers numbered OCLU 1508005, PONU 1663493, and INBU 3564831 said to contain machinery and spare parts to BNSF for rail carriage from Ohio to California and BNSF then and there accepted said shipments and agreed to transport and carry them by rail to California and there deliver said shipments in the same good order and condition as when shipped, for further on carriage by sea to the ultimate destination of Melbourne, Australia.

7. Thereafter, BNSF failed to make delivery of the shipments in the same order and condition as when received. On information and belief, the shipments were damaged in the custody of BNSF and/or their agents and sub-contractors as a result of a derailment of rail cars near Newbury Springs, California on or about December 23, 2006.

8. MAERSK has performed all conditions on its part to be performed.

## AS AND FOR CAUSES OF ACTION FOR
### INDEMNITY AND/OR CONTRIBUTION

9. Third-Party Plaintiff MAERSK repeats and realleges paragraphs 1 through 8 above with the same force and effect as if fully set forth herein.

10. If any cargo loss, damage or shortages were sustained by Plaintiff as alleged in the Complaint, which is denied, said loss, damage, or shortages were caused by or contributed to by the fault, negligence, carelessness, omission, breach of duty, breach of contract and/or breach of warranty (express or implied) on the part of Third-Party Defendant BNSF while the subject cargo was in its and/or its agents' care and custody.

## AS AND FOR A SEPARATE CAUSE OF ACTION

11. Third-Party Plaintiff MAERSK repeats and realleges each and every allegation contained in paragraphs 1 through 10 of this Third-Party Complaint with the same force and effect as if more fully set forth herein.

12. MAERSK owned or leased container numbers PONU 166349-3, IMBU 356493-1, and OCLU 150800-5, which suffered loss or damage as a result of the incident described above.

13. Such loss and damage was caused by or contributed to by the fault, negligence, carelessness, omission, breach of duty, breach of contract and/or breach of warranty (express or implied) on the part of Third-Party Defendant BNSF while the subject containers were in its and/or its agents' care and custody.

14. By reason of these premises, Third-Party Plaintiff MAERSK has sustained damages to its owned and/or leased equipment as nearly as the same can now be estimated, in a amount up to $15,000.

## F.R.C.P. 14(c) TENDER

15. Third-Party Plaintiff MAERSK repeats and realleges paragraphs 1 through 13 of this Third-Party Complaint with the same force and effect as if fully set forth herein.

16. In accordance with F.R.C.P. 14(c), MAERSK hereby tenders Third-Party Defendant BNSF directly to the Plaintiff as a party that is wholly or partially liable to Plaintiff for Plaintiff's alleged damages and demands that Third-Party Defendant BNSF respond directly to the Complaint as an original defendant in this proceeding.

17. This Third-Party Complaint is filed by MAERSK without prejudice to or waiver of any and all its defenses to the main Complaint including but not limited to, time bar, jurisdiction, package limitation, arbitration and others.

WHEREFORE, Third-Party Plaintiff MAERSK prays that:

A. Judgment be granted in favor of Plaintiff directly against Third-Party Defendant BNSF pursuant to Rule 14(c) of the Federal Rules of Civil Procedure;

B. Third-Party Plaintiff MAERSK be granted indemnity from the Third-Party Defendant BNSF for the entire amount for which MAERSK may be found liable to Plaintiff;

C. Third-Party Plaintiff MAERSK be granted contribution from Third-Party Defendant BNSF towards any amount adjudged in favor of Plaintiff and against Third-Party Plaintiff MAERSK;

NYDOCS1/298280.1

D. Third-Party Plaintiff MAERSK be granted its legal fees and the costs of defending this action; and

E. Third-Party Plaintiff MAERSK be granted such other and further relief as may deemed just and proper in the premises including all costs, reasonable attorneys' fees and disbursements incurred in this action;

F. That judgment may be entered in favor of Third-Party Plaintiff MAERSK against Third-Party Defendant BNSF for amount of MAERSK's equipment, loss and damage in the sum of $15,000, with interest thereon and costs.

Dated: New York, New York
       February 6, 2008

FREEHILL, HOGAN & MAHAR LLP
Attorneys for Defendant and Third-Party Plaintiff
A.P. MOLLER–MAERSK A/S

By: _____
    ERIC E. LENCK (EL4547)
    80 Pine Street
    New York, New York 10005-1759
    (212) 425-1900

6

TO:    McDERMOTT & RADZIK, LLP
       Attorneys for Plaintiff
       AMERICAN HOME ASSURANCE COMPANY
       88 Pine Street, 21st Floor
       New York, NY 10005-1801
       (212) 376-6400
       Attention: Edward C. Radzik, Esq.
       Your Ref: 7-07-7061 ECR

To:    BNSF RAILWAY COMPANY
       One Santa Fe Plaza
       P.O. Box 1738
       Topeka, KS 66601-1738

To:    PANALPINA INC,.
       c/o Dougherty, Ryan, Giuffra, Zambito & Hession
       131 East 38th Street
       New York, NY 10016-2680
       Attention: Peter J. Zambito, Esq.

NYDOCS1/298280.1

## ATTORNEY VERIFICATION

State of New York        )
                                ) ss.:

County of New York    )

ERIC E. LENCK, being duly sworn, deposes and says as follows:

1. I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Third-Party Plaintiff in this action, I have read the foregoing Third-Party Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are personal knowledge and documents and information provided by my client Maersk.

3. The reason this verification is made by an attorney and not by the Third-Party Plaintiff is because the Third-Party Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

                                                    Eric E. Lenck

Sworn to before me this
6th day of February 2008

Notary Public

HAZEL S. ROSENTHAL
Notary Public, State of New York
No. 01RO4641178
Qualified in Queens County
Certified in New York County
Commission Expires Dec. 31, 2010

# EXHIBIT A

607-07/EEL
FREEHILL, HOGAN & MAHAR
Attorneys for Defendant
A.P. MOLLER-MAERSK A/S
80 Pine Street, 24th Floor
New York, New York 10005-1759
(212) 425-1900
Eric E. Lenck (EL4547)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x

AMERICAN HOME ASSURANCE
COMPANY, as subrogee of CROWN
EQUIPMENT CORPORATION,

             Plaintiff,

    -against-

PANALPINA, INC. and A.P. MOLLER-
MAERSK A/S d/b/a Maersk Sealand and/or
Maersk Lines,

            Defendants.
-----------------------------------------------------x

07 CV 10947 (BSJ)
ECF CASE


**ANSWER**

       Defendant, A.P. MOLLER-MAERSK A/S d/b/a Maersk Sealand and/or Maersk Lines (hereinafter "MAERSK"), by its attorneys, Freehill, Hogan & Mahar LLP, responding to the Complaint of the Plaintiff herein, alleges upon information and belief as follows:

       1. Admits that this action arises from an intermodal international carriage of goods from Ohio, United States to Melbourne, Australia, but except as so specifically admitted, denies knowledge or information sufficient to form a belief with respect to the remaining allegations contained in paragraph FIRST of the Complaint.

2. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph SECOND of the Complaint.

3. Admits the allegations contained in paragraph THIRD of the Complaint.

4. Denies knowledge information sufficient to form a belief with respect to the allegations contained in paragraph FOURTH of the Complaint.

5. Denies knowledge information sufficient to form a belief with respect to the allegations contained in paragraph FIFTH of the Complaint.

6. Admits the allegations contained in paragraph SIXTH of the Complaint.

7. Admits that on or about December 20, 2006, at New Bremen, Ohio, Defendant MAERSK and/or its servants received three sealed shipping containers numbered PONU 166349-3, INBU 356493-1 and OCLU 150800-5 said to contain fork lifts, platform lifts, pallet trucks and spare parts and accepted said containers for transport to Melbourne pursuant to the terms of the governing contract of carriage, but except as so specifically admitted, denies knowledge or information sufficient to form a belief with respect to the remaining allegations contained in paragraph SEVENTH of the Complaint.

8. Admits that the shipments became damaged by reason of a derailment of rail cars convening said containers near Newbury Springs, California, but except as so specifically admitted, denies knowledge or information sufficient to form a belief with respect to the remaining allegations contained in paragraph EIGHTH of the Complaint.

9. Denies the allegations contained in paragraph NINTH of the Complaint.

10. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph TENTH of the Complaint.

11. Admits that Plaintiff has demanded damages in the aggregate amount of $358,612.02, but except as so specifically admitted, denies the remaining allegations contained in paragraph ELEVENTH of the Complaint.

12. Defendant MAERSK repeats and realleges each and every admission, denial or denial of knowledge or information sufficient to form a belief contained in paragraphs 1 through 11 of this Answer with the same force and effect as if fully set forth herein.

13. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph THIRTEENTH of the Complaint.

14. Denies the allegations contained in paragraph FOURTEENTH of the Complaint as they relate to Defendant MAERSK.

15. Admits that damages in the amount of $358,612.02 have been demanded, but except as so specifically admitted, denies the remaining allegations of paragraph FIFTEENTH of the Complaint.

16. Defendant MAERSK repeats and realleges each and every admission, denial or denial of knowledge or information sufficient to form a belief contained in paragraphs 1 through 15 of this Answer with the same force and effect as if fully set forth herein.

17. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph SEVENTEENTH of the Complaint.

18. Admits that damages in the amount of $358,612.02 have been demanded, but except as so specifically admitted, denies the remaining allegations contained in paragraph EIGHTEENTH of the Complaint.

## AS AND FOR MAERSK'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

19. The Complaint fails to state a claim against MAERSK upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

20. The shipment in question was received, carried, discharged and/or delivered at the port of destination subject to the terms, conditions, exceptions and limitations of the provisions of the United States Carriage of Goods by Sea Act, Title 46 U.S.C. Section 1300 *et seq.*, the Harter Act, Title 46 U.S.C. Section 190 *et seq.*, and/or other legislation pertinent to this carriage. Any loss or damage alleged to have been suffered by said shipment or to the shipper or consignee was due to a cause or causes for which neither the carrier nor the vessel is liable by virtue of the provisions of aforesaid Carriage of Goods by Sea Act and/or Harter Act, and/or other pertinent legislation.

### THIRD AFFIRMATIVE DEFENSE

21. The shipment described in the Complaint was received, loaded, carried, discharged and delivered subject to the terms, conditions, exceptions and limitations of certain dock receipts, bills of lading, service contracts, tariffs and/or contracts of

affreightment, issued for carriage of the shipment, and by which the shipper, consignee and holders of said bills of lading agreed to be and are bound. Any damage to the goods, which is denied, was due to a cause or causes for which MAERSK is not liable by virtue of said dock receipts, bills of lading, service contracts, tariffs and/or contracts of affreightment.

### FOURTH AFFIRMATIVE DEFENSE

22. Any loss or damage to the goods, as alleged in the Complaint, and which is denied, arose or resulted from the condition of the goods when delivered to MAERSK, and/or from inherent defect, quality or vice of the goods, or insufficiency of packaging or marks and/or from defective stowage and securing within the containers or by act or omission of the shippers, or owners of the goods, their agents or representatives, or other third parties and not MAERSK.

### FIFTH AFFIRMATIVE DEFENSE

23. If any shortage and/or damage was sustained by the shipment referred to in the Complaint, which is denied, such shortage and/or damage was not caused by or contributed to by MAERSK, and such shortage and/or damage was not sustained by the shipment while in the care, custody or control of MAERSK.

### SIXTH AFFIRMATIVE DEFENSE

24. If any shortage and/or damage was sustained by the shipment referred to in the Complaint, which is denied, such shortage and/or damage was caused by or contributed to by the Plaintiff or others acting on its behalf, including a failure to mitigate the damages properly.

## SEVENTH AFFIRMATIVE DEFENSE

25. The Plaintiff is not the real party in interest to this suit.

## EIGHTH AFFIRMATIVE DEFENSE

26.    Force majeure.

## NINTH AFFIRMATIVE DEFENSE

27.    Any liability of MAERSK, which is denied, is limited in amount by the terms and provisions of the aforementioned dock receipts, bills of lading, service contracts, tariffs, contracts of carriage, and Carriage of Goods by Sea Act and/or the Harter Act, or other governing legislation.

## TENTH AFFIRMATIVE DEFENSE

38. Failure to join an indispensable party.


WHEREFORE, Defendant MAERSK prays:

1. That a decree be entered dismissing Plaintiff's Complaint and that MAERSK be awarded all costs, expenses and attorney fees incurred in connection with the defense of the Complaint;

2. That if any liability be found against MAERSK, such liability be limited to $500 per package or other limitations set forth in the governing contract(s) of carriage or as provided by law; and

3. That this Court grant MAERSK such other and different relief as it may

deem just and proper in the premises.

Dated: New York, New York
      February 6, 2008

                      FREEHILL, HOGAN & MAHAR LLP
                      Attorneys for Defendant
                      MAERSK LINE

By:                          
                      ERIC E. LENCK (EL4547)
                      80 Pine Street
                      New York, New York 10005-1759
                      (212) 425-1900

TO:    McDERMOTT & RADZIK, LLP
        Attorneys for Plaintiff
        AMERICAN HOME ASSURANCE COMPANY
        88 Pine Street, 21st Floor
        New York, NY 10005-1801
        (212) 376-6400
        Attention: Edward C. Radzik, Esq.
        Your Ref: 7-07-7061 ECR

        DOUGHERTY, RYAN, GIUFFRA, ZAMBITO & HESSION
        Attorneys for Defendant
        PANALPINA INC.
        131 East 38th Street
        New York, NY 10016-2680
        Attention: Peter J. Zambito

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF NEW YORK )


I, Hazel S. Rosenthal, being duly sworn, say: I am not a party to the action, am over 18 years of age and reside at 80 Pine Street, NY 10005. On February 6, 2008, I served the within **ANSWER**, by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to the following person at the last known address set forth after each name:

McDERMOTT & RADZIK, LLP
Attorneys for Plaintiff
AMERICAN HOME ASSURANCE COMPANY
88 Pine Street, 21st Floor
New York, NY 10005-1801
Attention: Edward C. Radzik, Esq.

DOUGHERTY, RYAN, GIUFFRA, ZAMBITO & HESSION
Attorneys for Defendant
PANALPINA INC.
131 East 38th Street
New York, NY 10016-2680
Attention: Peter J. Zambito

Hazel S. Rosenthal

Sworn to before me on this
6th day of February, 2008.

Notary Public

JOAN SORRENTINO
Notary Public, State of New York
No. 01SO6067227
Qualified in New York County
Commission Expires December 3, 2009

# EXHIBIT B

EDWARD C. RADZIK (ER-2473)
McDERMOTT & RADZIK, LLP
*Attorneys for Plaintiff*
Wall Street Plaza
88 Pine Street – 21st Floor
New York, NY  10005-1801

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE JONES

--------------------------------------------------------X

AMERICAN HOME ASSURANCE
COMPANY, as subrogee of CROWN
EQUIPMENT CORPORATION,

ECF CASE

07 CV 10947
Case No.

COMPLAINT

            Plaintiff,

- against -

PANALPINA, INC. and A.P. MOLLER-
MAERSK A/S d/b/a Maersk-Sealand and/or
Maersk Lines

           Defendants.



RECEIVED
NOV 3 0 2007
U.S.D.C. S.D. N.Y.
CASHIERS

--------------------------------------------------------X

    Plaintiff, American Home Assurance Company a/s/o Crown Equipment Corporation, by its attorneys, McDermott & Radzik, LLP, as and for its Complaint against defendants, states as follows:

    FIRST:    This action arises from an intermodal carriage of goods in interstate and international commerce and is governed by federal common law and federal statutes including the Carmack Amendment to the ICC Termination Act of 1995 (49 U.S.C.

§ 14706) and this court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1337.

SECOND:    This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.

THIRD:    This Court also has subject matter jurisdiction over this action by virtue of the fact that this is an admiralty or maritime action within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and pursuant to 28 U.S.C. § 1333.

## THE PARTIES

FOURTH:    At and during all the times hereinafter mentioned, Plaintiff, American Home Assurance Company ("American Home") was and now is a corporation organized under and by virtue of the laws of one of the States of the United States and has an office and place of business at 175 Water Street, New York, New York 10038. American Home was the insurer of the cargo in question and is subrogated to the rights of the cargo owner, Crown Equipment Corporation, an Ohio Corporation.

FFIFTH:    At and during all times hereinafter mentioned, defendant, Panalpina, Inc., was and is a corporation organized and existing under and by virtue of the laws of one of the States of the United States and regularly conducts and systematically transacts business in New York and has an office and place of business, *inter alia,* at 1776 On the Green, 67 Pk. Pl., Morristown, NJ.

2

SIXTH:     At and during all times hereinafter mentioned, defendant, A.P. Moller-Maersk A/S (A.P. Moller) was and now is a corporation organized and existing under and by virtue of the laws of the Kingdom of Denmark.  AP Moller regularly conducts and systematically transacts business in New York and has an office and place of business in care of its agent, Maersk, Inc., Madison Avenue, Giralda Farms, Madison, NJ  07940.  Furthermore, the contract of carriage between plaintiff and defendant, Maersk, contains a forum selection clause which specifies that any suits be instituted in the Untied States District Court for the Southern District of New York.

## AS AND FOR A FIRST CAUSE OF ACTION (Breach of Contract)

SEVENTH:  On or about December 20, 2006, at New Bremen, Ohio, there were shipped by Crown Equipment Corporation and delivered to Defendants as common carries, shipments of fork lifts, platform lifts, pallet trucks, and spare parts packed into three shipping containers provided by Defendants numbered  PONU166349-3; INBU356493-1 and OCLU150800-5, said shipments then being in good order and condition, and Defendants then and there accepted said shipments and agreed to transport and carry said shipments to Melbourne and there deliver said shipments in like good order and condition as when shipped, delivered to, and received by them, to Crown Equipment Pty. Ltd. in Melbourne, Australia.

EIGHTH:     Thereafter, Defendants failed to make delivery of the shipments in the same good order and condition as received.  To the contrary, while the shipments

3

were in the custody and control of Defendants, their agents and/or sub-contractors, they became severely damaged and impaired in value by reason of a derailment of rail cars conveying said shipments near Newbury Springs, California, due to improper and careless handling during inland transit from Chicago to Los Angeles.

NINTH:    Plaintiff has performed all conditions on its part to be performed.

TENTH:    Plaintiff brings this action on its own behalf as the subrogated insurer of the shipments and as agent and trustee on behalf of, and for the interest of, all parties who may become interested in said shipments as their respective interests may appear, and Plaintiff is entitled to maintain this action.

ELEVENTH:    By reason of Defendants' breach of their duties as common carriers, Plaintiff has sustained monetary damages, as nearly as now can be estimated, no part of which has been paid, although duly demanded, in the aggregate amount of $358,612.02.

## AS AN FOR A SECOND CAUSE OF ACTION (Bailment)

TWELFTH:  Plaintiff repeats and realleges each and every allegation contained in Paragraphs "FIRST through ELEVENTH" of this Complaint with the same force and effect as if fully set forth herein.

THIRTEENTH:    On or about December 20, 2006 at New Bremen, Ohio, Defendants received Crown Equipment's fork lifts, platform lifts, pallet trucks and spare parts then being in good order and condition, as bailees.

4

FOURTEENTH:  Thereafter, Defendants failed to preserve Crown Equipment's shipments and instead allowed said shipments to become damaged in breach of Defendants' contractual, common law, and/or implied in-fact duties and obligations as bailees.

FIFTEENTH:  By reason of these premises, plaintiff has sustained damages, as nearly as the same now be estimated, no part of which has been paid although duly demanded, in the amount of $358,612.02.

## AS AND FOR A THIRD CAUSE OF ACTION (Negligence)

SIXTEENTH:  Plaintiff repeats and realleges each and every allegation contained in Paragraphs "FIRST" through "FIFTEENTH" of this Complaint to the same force and effect as if more fully set forth herein.

SEVENTEENTH:  The damage to Crown Equipment's two shipments of fork lifts, platform lifts, pallet trucks and spare parts, was directly attributable to the negligence, lack of care, and recklessness on the part of the Defendants, their agents and/or sub-contractors.

EIGHTEENTH: By reason of defendants' negligence, lack of care, and recklessness, Plaintiff has suffered damages, as nearly as the same can now be estimated, no part of which has been paid, although duly demanded, in the amount of $358,612.02.

5

WHEREFORE, Plaintiff prays:

1.      That process in due form of law may issue against Defendants citing them to appear and answer all and singular the matters aforesaid;

2.      That if Defendants cannot be found within this District, then all their assets and property within this District be attached in the sum of $358,612.02, with interest thereon and costs, the sum sued for in this Complaint;

3.      That Judgment may be entered in favor of Plaintiff against Defendants for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action; and

4.      That this Court will grant to Plaintiff such other and further relief as may be just and proper.

Dated:      New York, New York
            November 30, 2007


                        McDERMOTT & RADZIK, LLP
                        Attorney for Plaintiff,



            BY: _Edward C. Radzik_____
                        EDWARD C. RADZIK (ER-2473)
                        Wall Street Plaza
                        88 Pine Street
                        New York, New York  10005-1801
                        (212) 376-6400
                        (FILE: 7-07-7061 ECR)

6