DOUGHERTY, RYAN, GIUFFRA, ZAMBITO & HESSION
Attorneys for Defendant
PANALPINA, INC.
131 East Thirty-Eighth Street
New York, N.Y.  10016
(212) 889-2300
PETER J. ZAMBITO (9362 PZ)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AMERICAN HOME ASSURANCE COMPANY,
as subrogee of CROWN EQUIPMENT           **ECF CASE**
CORPORATION,

                Plaintiff,           07 Civ. 10947 (BSJ)

     - against -

                                   **AMENDED**
PANALPINA, INC. and A.P. MOLLER-         **ANSWER AND CROSSCLAIM**
MAERSK A/S d/b/a MAERSK-SEALAND
and/or MAERSK LINES,

                Defendants.
------------------------------------------------------------X
A.P. MOLLER-MAERSK A/S,

       Third-Party Plaintiff,

  -   against –

BNSF RAILWAY COMPANY,

       Third-Party Defendant.
------------------------------------------------------------X

      Defendant, PANALPINA, INC.  (hereinafter "PANALPINA"), by their attorneys, DOUGHERTY, RYAN, GIUFFRA, ZAMBITO & HESSION, answering the Complaint propounded by the plaintiff  herein, respectfully shows to the Court and alleges upon information and belief as follows:

1. Denies having sufficient knowledge or information to form a belief as to the allegations contained in paragraphs FIRST, SECOND, THIRD, FOURTH and SIXTH of the Complaint.

2. Admits that at and during all the times hereinafter mentioned, PANALPINA was and is a corporation organized and existing under and by virtue of the laws of one of the States of the United States and, except as so admitted, denies the allegations contained in paragraph FIFTH of the Complaint.

### ANSWERING THE FIRST CAUSE OF ACTION

3. Admits that on or about December 20, 2006 at New Brennan, Ohio there was shipped by Crown Equipment Corporation and delivered to BNSF Railroad on behalf of Maersk Lines as common carrier, shipment said to contain fork lifts, platform lifts, pallet trucks, and spare parts packed into three shipping containers provided by defendant Maersk Lines numbered PONU166349-3, INBU356493-1 and OCLU150800-5 and said defendant then and there accepted said shipments and agreed to transport and carry said shipments to Melbourne and there deliver said shipments to Crown Equipment Pty. Ltd. in Melbourne, Australia and, except as so admitted, denies the allegations contained in paragraph SEVENTH of the Complaint.

4. Denies the allegations contained in paragraph EIGHTH of the Complaint and denies having sufficient knowledge or information to form a belief as to the co-defendant.

5. Denies having sufficient knowledge or information to form a belief as to the allegations contained in paragraphs NINTH and TENTH of the Complaint.

8. Denies the allegations contained in paragraph ELEVENTH of the Complaint.

### ANSWERING THE SECOND CAUSE OF ACTION

9. Defendant repeats and realleges each and every paragraph heretofore set forth with the same force and effect as if set forth here at length.

10. Admits that on or about December 20, 2006 at New Bremen, Ohio, BNSF Railroad, acting on behalf of Maersk Lines, received Crown Equipment's fork lifts, platform lifts, pallet trucks and spare parts and, except as so admitted, denies the allegations contained in paragraph THIRTEENTH of the Complaint.

11. Denies the allegations contained in paragraph FOURTEENTH of the Complaint and denies having sufficient knowledge or information to form a belief as to the co-defendant.

12. Denies the allegations contained in paragraph FIFTEENTH of the Complaint.

### ANSWERING THE THIRD CAUSE OF ACTION

13. Defendant repeats and realleges each and every paragraph heretofore set forth with the same force and effect as if set forth here at length.

14. Denies the allegations contained in paragraph SEVENTEENTH of the Complaint and denies having sufficient knowledge or information to form a belief as to the co-defendant.

15. Denies the allegations contained in paragraph EIGHTEENTH of the Complaint.

### FOR A FIRST, SEPARATE AND COMPLETE DEFENSE

16. The Complaint fails to state a cause of action against defendant PANALPINA upon which relief can be granted.

### FOR A SECOND, SEPARATE AND COMPLETE DEFENSE

17. At the time the suit was commenced in this action or at the time when any loss or damage was sustained by the goods, or at any other material time, the plaintiff herein was not the real party in interest.

### FOR A THIRD, SEPARATE AND COMPLETE DEFENSE

18. The said shipment was transported on the said vessel and was discharged and delivered subject to the bills of lading issued therefor, and tariffs by which the shippers, owners, consignees and holders of said bill of lading agreed to be and are bound, and were subject also to the provisions of the United States Carriage of Goods by Sea Act, approved April 16, 1936 and/or the Harter Act. Any loss/or injury and/or damage alleged to have been suffered by the shipment was due to a cause or causes for which these defendants are not liable or responsible by virtue of the provisions of the United States Carriage of Goods by Sea Act and/or Harter Act and/or provisions of the said bills of lading and/or tariffs and/or other applicable provisions of the contracts of carriage or of law.

FOR A FOURTH, SEPARATE AND COMPLETE DEFENSE

19. The United States Carriage of Goods by Sea Act provided in Section 1304 thereof, among other things, as follows:

> "(2) Neither the carrier nor the ship shall be held responsible for loss or damage arising or resulting from -
>
> (a) Act, neglect or default of the master, mariner, pilot or the servants of the carrier in the navigation or in the management of the ship;
>
> * * * * * * *
>
> (c) Perils, dangers and accidents of sea or other navigable waters;
>
> (d) Act of God;
>
> * * * * * * *
>
> (I) Act or omission of the shipper or owner of the goods, his agent or representative;
>
> (m) Wastage in bulk or weight or any other loss or damage arising from inherent defect, quality or vice of the goods;

      (n) Insufficiency of packing;

      (p) Latent defects not discoverable by due diligence; and,

      (q) Any other cause arising without the actual fault or privity of the carrier and without the fault or neglect of the agents or servants of the carrier, but the burden of proof shall be on the person claiming the benefit of this exception to show that neither the actual fault or privity of the carrier nor the fault or neglect of the agents or servants of the carrier contributed to the loss or damage."

20. By reason of the foregoing provisions or any of them, the defendant should be under no responsibility for the damages.

### FOR A FIFTH, SEPARATE AND COMPLETE DEFENSE

21. To the extent that the Carmack Amendment and/or other law applies, PANALPINA claims the benefit of their/its terms.

### FOR A SIXTH, SEPARATE AND COMPLETE DEFENSE

22. This defendant adopts all defenses raised by the co-defendant insofar as may be applicable.

### AS AND FOR A CROSSCLAIM AGAINST
### A.P. MOLLER-MAERSK A/S d/b/a Maersk-Sealand
### and/or Maersk Lines
### (hereinafter "the co-defendant")

23. If the plaintiff suffered any damages, which is denied, such damages were caused by the acts, omissions, breach and/or negligence of the co-defendant and/or others acting on its behalf, without any acts, omissions, breach or negligence on the part of defendant PANALPINA contributing thereto.

24. If the plaintiff suffered any damages, which is denied, and is awarded judgment against defendant PANALPINA then defendant will be entitled to full and complete indemnity

and/or contribution as the case may be from the co-defendant for all losses and damages sustained, together with costs, disbursements and reasonable counsel fees.

### AS AND FOR A COUNTERCLAIM AGAINST
### BNSF RAILWAY COMPANY
### (hereinafter "BNSF")

25. If the plaintiff suffered any damages, which is denied, such damages were caused by the acts, omissions, breach and/or negligence of BNSF and/or others acting on its behalf, without any acts, omissions, breach or negligence on the part of defendant PANALPINA contributing thereto.

26. If the plaintiff suffered any damages, which is denied, and is awarded judgment against defendant PANALPINA then defendant will be entitled to full and complete indemnity and/or contribution as the case may be from BNSF for all losses and damages sustained, together with costs, disbursements and reasonable counsel fees.

WHEREFORE, defendant PANALPINA demands judgment dismissing the plaintiff's Complaint or, in the alternative, demands judgment against the co-defendant and/or BNSF for all sums which may be recovered by the plaintiff against defendant PANALPINA or for contribution, as the case may be, together with the costs, disbursements and reasonable counsel fees and for such other or different relief as to this Court may be just and proper under the premises.

Dated: New York, New York
April 4, 2008

                        DOUGHERTY, RYAN, GIUFFRA, ZAMBITO & HESSION
                           Attorneys for Defendant
                        PANALPINA, INC.

                        S/ _____
                          PETER J. ZAMBITO    (9362 PZ)

OFFICE & P.O. ADDRESS:
131 East Thirty Eighth Street
New York, N.Y.  10016
(212) 889-2300

Case 1:07-cv-10947-BSJ   Document 10   Filed 04/04/2008   Page 7 of 7