607-07/EEL
FREEHILL, HOGAN & MAHAR
Attorneys for Defendant
A.P. MOLLER-MAERSK A/S
80 Pine Street, 24th Floor
New York, New York 10005-1759
(212) 425-1900
Eric E. Lenck (EL4547)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
AMERICAN HOME ASSURANCE
COMPANY, as subrogee of CROWN          07 CV 10947 (BSJ)
EQUIPMENT CORPORATION,                 ECF CASE

      Plaintiff,

  -against-                          **ANSWER TO CROSS-CLAIM**
                                                **OF PANALPINA, INC.**
PANALPINA, INC. and A.P. MOLLER-
MAERSK A/S d/b/a Maersk Sealand and/or
Maersk Lines,

      Defendants.
------------------------------------------------------x
A.P. MOLLER –MAERSK A/S,

      Third-Party Plaintiff,

  -against-

BNSF RAILWAY COMPANY,

      Third-Party Defendant.
------------------------------------------------------x

      Defendant, A.P. MOLLER-MAERSK A/S d/b/a MAERSK-SEALAND and/or MAERSK LINE (hereinafter "Maersk"), by its attorneys, Freehill Hogan & Mahar LLP, responding to the Cross-claim of PANALPINA, INC. (hereinafter "Panalpina"),

NYDOCS1/303339.1

alleges upon information and belief as follows:

1. Denies the allegations contained in paragraph 23 of Panalpina's Cross-claim.

2. Denies the allegations contained in paragraph 4 of Panalpina's Cross-claim.

## AS AND FOR MAERSK'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

3. The Cross-claim fails to state a claim against Maersk upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

4. The shipment in question was received, carried, discharged and/or delivered at the port of destination subject to the terms, conditions, exceptions and limitations of the provisions of the United States Carriage of Goods by Sea Act, Title 46 U.S.C. Section 1300 *et seq.*, the Harter Act, Title 46 U.S.C. Section 190 *et seq.*, and/or other legislation pertinent to this carriage. Any loss or damage alleged to have been suffered by said shipment or to the shipper or consignee or Panalpina was due to a cause or causes for which neither Maersk nor the vessel is liable by virtue of the provisions of aforesaid Carriage of Goods by Sea Act and/or Harter Act, and/or other pertinent legislation.

### THIRD AFFIRMATIVE DEFENSE

5. The shipment in question was received, loaded, carried, discharged and

delivered subject to the terms, conditions, exceptions and limitations of certain dock receipts, bills of lading, service contracts, tariffs and/or contracts of affreightment, issued for carriage of the shipment, and by which the shipper, consignee Panalpina and holders of said bills of lading agreed to be and are bound. Any damage to the goods, which is denied, was due to a cause or causes for which Maersk is not liable by virtue of said dock receipts, bills of lading, service contracts, tariffs and/or contracts of affreightment.

### FOURTH AFFIRMATIVE DEFENSE

6. Any loss or damage to the goods, as alleged in the Complaint, and which is denied, arose or resulted from the condition of the goods when delivered to Maersk, and/or from inherent defect, quality or vice of the goods, or insufficiency of packaging or marks and/or from defective stowage and securing within the containers or by act or omission of the shippers, or owners of the goods, their agents or representatives, or other third parties and not Maersk.

### FIFTH AFFIRMATIVE DEFENSE

7. If any shortage and/or damage was sustained by the shipment referred to in the Complaint, which is denied, such shortage and/or damage was not caused by or contributed to by Maersk, and such shortage and/or damage was not sustained by the shipment while in the care, custody or control of Maersk.

### SIXTH AFFIRMATIVE DEFENSE

8. If any shortage and/or damage was sustained by the shipment referred to in the Complaint, which is denied, such shortage and/or damage was caused by or

NYDOCS1/303339.1

contributed to by the Plaintiff or Panalpina or others acting on their behalf, including a failure to mitigate the damages properly.

### SEVENTH AFFIRMATIVE DEFENSE

9. Force majeure.

### EIGHTH AFFIRMATIVE DEFENSE

10. Any liability of Maersk, which is denied, is limited in amount by the terms and provisions of the aforementioned dock receipts, bills of lading, service contracts, tariffs, contracts of carriage, and Carriage of Goods by Sea Act and/or the Harter Act, or other governing legislation.

WHEREFORE, Defendant Maersk prays:

1. That a decree be entered dismissing Panalpina's Cross-claim and that Maersk be awarded all costs, expenses and attorney fees incurred in connection with the defense of the Cross-claim;

2. That if any liability be found against Maersk, such liability be limited to $500 per package or other limitations set forth in the governing contract(s) of carriage or as provided by law; and

4

NYDOCS1/303339.1

3. That this Court grant Maersk such other and different relief as it may deem just and proper in the premises.

Dated: New York, New York
April 23, 2008

FREEHILL, HOGAN & MAHAR LLP
Attorneys for Defendant and Third-Party Plaintiff
MAERSK

By: _____
ERIC E. LENCK (EL4547)
80 Pine Street
New York, New York 10005-1759
(212) 425-1900

TO: McDERMOTT & RADZIK, LLP
Attorneys for Plaintiff
AMERICAN HOME ASSURANCE COMPANY
88 Pine Street, 21st Floor
New York, NY 10005-1801
(212) 376-6400
Attention: Edward C. Radzik, Esq.
Your Ref: 7-07-7061 ECR

DOUGHERTY, RYAN, GIUFFRA, ZAMBITO & HESSION
Attorneys for Defendant
PANALPINA INC.
131 East 38th Street
New York, NY 10016-2680
Attention: Peter J. Zambito

NYDOCS1/303339.1