UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
AMERICAN HOME ASSURANCE COMPANY, as
subrogee of CROWN EQUIPMENT CORPORATION,

        Plaintiff,

    - against -

PANALPINA, INC. and A.P. MOLLER-MAERSK A/S
d/b/a Maersk Sealand and/or Maersk L,

        Defendant.
-----------------------------------------------------------------X
A.P. MOLLER-MAERSK A/S,

       Third-Party Plaintiff,

   -against-

BNSF RAILWAY COMPANY,

       Third-Party Defendant.
-----------------------------------------------------------------X

07 CV 10947 (BSJ)
ECF CASE

**ANSWER TO THIRD-PARTY
COMPLAINT**

Third-Party Defendant BNSF RAILWAY COMPANY, by its attorneys, Landman Corsi

Ballaine & Ford P.C., hereby answers the Third-Party Complaint herein as follows:

1.    Third-Party Defendant BNSF RAILWAY COMPANY denies knowledge or

information sufficient to form a belief as to the truth of the allegations contained in paragraph "First"

of the Third-Party Complaint.

2.    Third-Party Defendant BNSF RAILWAY COMPANY denies knowledge or

information sufficient to form a belief as to the truth of the allegations contained in paragraph

"Second" of the Third-Party Complaint except admits that BNSF is a business entity incorporated

in one of the states of the United States with a place of business at 2650 Lou Menk Drive, Forth

459755.1 DocsNY

Worth, Texas 76137.

3.     Third-Party Defendant BNSF RAILWAY COMPANY denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Third" of the Third-Party Complaint and refers all matters of law to the Court.

4.     Third-Party Defendant BNSF RAILWAY COMPANY denies the truth of each and every allegation contained in paragraph "Fourth" of the Third-Party Complaint and further states that BNSF does not conduct business within the jurisdiction of this Court.

5.     Third-Party Defendant BNSF RAILWAY COMPANY denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Fifth" of the Third-Party Complaint and refers all matters of law to the Court.

6.     Third-Party Defendant BNSF RAILWAY COMPANY denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Sixth" of the Third-Party Complaint.

7.     Third-Party Defendant BNSF RAILWAY COMPANY denies the truth of each and every allegation contained in paragraph "Seventh" of the Third-Party Complaint.

8.     Third-Party Defendant BNSF Railway Company denies the truth of each and every allegation contained in paragraph "Eighth" of the Third-Party Complaint.

## ANSWER AS TO CAUSES OF ACTION FOR
## INDEMNITY AND/OR CONTRIBUTION

9.     With respect to the allegations contained in paragraph "9" of the Third-Party Complaint, Third-Party Defendant BNSF RAILWAY COMPANY repeats, reiterates and realleges each and every response contained in paragraphs "First" through "Eighth" of this Answer with the same force and effect as if fully set forth at length herein.

459755.1 DocsNY

10.   Third-Party Defendant BNSF Railway Company denies the truth of each and every allegation contained in paragraph "Tenth" of the Third-Party Complaint.

## ANSWER AS TO A SEPARATE CAUSE OF ACTION

11.   With respect to the allegations contained in paragraph "11" of the Third-Party Complaint, Third-Party Defendant BNSF RAILWAY COMPANY repeats, reiterates and realleges each and every response contained in paragraphs "First" through "Tenth" of this Answer with the same force and effect as if fully set forth at length herein.

12.   Third-Party Defendant BNSF Railway Company denies the truth of each and every allegation contained in paragraph "Twelfth" of the Third-Party Complaint.

13.   Third-Party Defendant BNSF Railway Company denies the truth of each and every allegation contained in paragraph "Thirteenth" of the Third-Party Complaint.

14.   Third-Party Defendant BNSF Railway Company denies the truth of each and every allegation contained in paragraph "Fourteenth" of the Third-Party Complaint.

## ANSWER AS TO F.R.C.P. 14(c) TENDER

15.   With respect to the allegations contained in paragraph "15" of the Third-Party Complaint, Third-Party Defendant BNSF RAILWAY COMPANY repeats, reiterates and realleges each and every response contained in paragraphs "First" through "Fourteenth" of this Answer with the same force and effect as if fully set forth at length herein.

16.   Third-Party Defendant BNSF Railway Company denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Sixteenth" of the Third-Party Complaint and refers all questions of law to the Court.

459755.1 DocsNY

17.    Third-Party Defendant BNSF Railway Company denies the truth of each and every allegation contained in paragraph "Seventeenth" of the Third-Party Complaint.

## FIRST AFFIRMATIVE DEFENSE

18.    Third-Party Defendant BNSF Railway Company is not a proper party to this action.

## SECOND AFFIRMATIVE DEFENSE

19.    This action, as it pertains to Third-Party Defendant BNSF Railway Company, is frivolous.

## THIRD AFFIRMATIVE DEFENSE

20.    Any injuries suffered by plaintiff and/or third-party plaintiff, their agents or principals were caused solely by their own negligence and not by any negligence of the answering third-party defendant.

## FOURTH AFFIRMATIVE DEFENSE

21.    Any injuries suffered by plaintiff and/or third-party plaintiff, their agents or principals, were caused, in part, by their own negligence, and any recovery by plaintiff and/or third-party plaintiff must be diminished in proportion to that part of its injuries attributable to their own negligence or that of their agents or principals.

## FIFTH AFFIRMATIVE DEFENSE

22.    Any injuries suffered by plaintiff and/or third-party plaintiff were not caused by a negligent act or omission of answering third-party defendant or any individual acting under their direction or control.

## SIXTH AFFIRMATIVE DEFENSE

23.    Plaintiff and/or third-party plaintiff failed to mitigate or otherwise act to lessen or reduce the damages alleged in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

24.    Plaintiff and/or third-party plaintiff are not proper parties to this action.

## EIGHTH AFFIRMATIVE DEFENSE

25.    There is a per package maximum limitation provision.

## NINTH AFFIRMATIVE DEFENSE

26.    This action is time barred.

## TENTH AFFIRMATIVE DEFENSE

27.    The Third-Party Complaint fails to state a cause of action upon which relief can be granted.

## ELEVENTH AFFIRMATIVE DEFENSE

28.    In the event that plaintiff and/or third-party plaintiff have no title or interest in the shipment that is the subject matter of this action, then plaintiff and/or third-party plaintiff are not the real party in interest herein and are not entitled to maintain this suit.

## TWELFTH AFFIRMATIVE DEFENSE

29.    The contract of carriage does not contemplate responsibility for special or consequential damages.  To the extent that plaintiff and/or third-party plaintiff seeks special and/or consequential damages, answering third-party defendants is not responsible for such amounts.

## THIRTEENTH AFFIRMATIVE DEFENSE

30.    If the shipment referred to in the Complaint suffered any loss, damage and/or delay,

which is herein expressly denied, such loss, damage and/or delay was caused by acts or omissions

by a third-party or a party over whom answering third-party defendant has no control.

## FOURTEENTH AFFIRMATIVE DEFENSE

31.    Answering Third-Party Defendant BNSF Railway Company is not guilty of any

negligence which was a proximate cause of any alleged incident, injuries or damages of which

plaintiff and/or third-party plaintiff complain.

## FIFTEENTH AFFIRMATIVE DEFENSE

32.    Any accident, damages and injuries alleged to have occurred was  solely due to the

negligence of plaintiff and/or third-party plaintiff or others acting on their behalf.

## SIXTEENTH  AFFIRMATIVE DEFENSE

33.    In the event that answering third-party defendant handled the subject shipment, when

whatever shipments were received for transportation by answering third-party defendant was

accepted in accordance with, and subject to all terms and conditions of the bill of lading contract and

all applicable transportation contracts, classifications and tariffs, rules and regulations set forth

herein, and the rules, regulations and practices of answering third-party defendant, which together

form the contract of carriage respecting the transportation of such shipment.  In the event that

answering third-party defendant handled the subject shipment, answering third-party defendant duly

performed all the terms and conditions of said contract of carriage on its part to be performed.

## SEVENTEENTH AFFIRMATIVE DEFENSE

34.    In the event that answering third-party defendant handled the subject shipment, then

to the extend that answering third-party defendant did not load, count or secure the subject shipment,

they cannot be held liable for any damage to the shipment caused by improper loading and/or securement based upon the provisions of applicable law.

### EIGHTEENTH AFFIRMATIVE DEFENSE

35.    To the extend that the contract of carriage including the tariffs and the applicable law thereto, provided for any limitation of liability for any loss or damage to the shipment in question, plaintiff and/or third-party plaintiff cannot recover in excess of this amount.

### NINETEENTH AFFIRMATIVE DEFENSE

36.    Answering Third-Party Defendant BNSF Railway Company is not responsible for damage caused by the inherent vice or defects in the shipment.

### TWENTIETH AFFIRMATIVE DEFENSE

37.    Answering Third-Party Defendant BNSF Railway Company is not subject to personal jurisdiction in this forum.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

38.    This action should be dismissed based upon improper venue.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

39.    This action should be dismissed pursuant to the doctrine of forum non conveniens.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

40.    Plaintiff and/or third-party plaintiff have not fully complied with the provisions of the Burlington Northern Santa Fe Intermodal Rules & Policies Guide.

**WHEREFORE**, third-party defendant BNSF RAILWAY COMPANY, demands judgment

dismissing the third-party Complaint herein, together with the costs and disbursements of this action.

Dated:  New York, New York
        June 3, 2008

                              Respectfully submitted,
                              LANDMAN CORSI BALLAINE & FORD P.C.

                    By:  _____
                              Ronald E. Joseph (RJ9302)
                              Attorneys for Third-party defendant
                              BNSF RAILWAY COMPANY,
                              120 Broadway, 27th Floor
                              New York, New York  10271-0079
                              (212) 238-4800

TO:    FREEHILL, HOGAN & MAHAR LLP
       Attorneys for Defendant and Third-Party Plaintiff
       A.P. MOLLER-MAERSK A/S
       80 Pine Street
       New York, New York 10005-1759
       (212) 425-1900

       McDERMATT & RADZIK LLP
       88 Pine Street
       New York, New York 10005-1801

459755.1 DocsNY

<u>AFFIDAVIT OF SERVICE BY MAIL</u>

STATE OF NEW YORK    )
                               ) ss.:
COUNTY OF NEW YORK  )

       RYAN NEW, being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides at NEW YORK, NEW YORK.

       That on the 3rd day of June, 2008, deponent served the within **ANSWER TO THIRD-PARTY COMPLAINT** upon:

> FREEHILL, HOGAN & MAHAR LLP
> 80 Pine Street
> New York, New York 10005-1759
>
> McDERMATT & RADZIK LLP
> 88 Pine Street
> New York, New York 10005-1801

attorneys in this action, at the addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States post office department within the State of New York.

                                        _____
                                           Ryan New

Sworn to before me this
3rd day of June, 2008

_____
       Notary

REGINA CAJIGAS
Notary Public, State of New York
No. 01CA6032498
Qualified in Kings County
Commission Expires November 1, 20__